◼ In the Matter of LISA D. MARINO, Appellant, v MARTIN G. MARINO, Respondent. (And Another Related Proceeding.) [659 NYS2d 335] —Mercure, J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered June 28, 1995, which, *inter alia,* granted respondent's application, in two proceedings pursuant to Family Court Act article 6, for sole custody of the parties' minor child.

The parties were married in 1988. They are the parents of a son, Matthew, born in 1989. Tragically, a second son, Brandon, who was born in 1993, suffered from cerebral palsy and died in October 1994. The parties separated in April 1994. Although initially the boys lived with petitioner, in June 1994 the parties entered into a written agreement providing for joint legal custody with primary physical custody to respondent and unstructured visitation to petitioner. The agreement was incorporated into a June 10, 1994 order of Family Court. Problems soon developed over petitioner's visitation, however, and in September 1994 respondent petitioned Family Court for a structured visitation schedule. Approximately two weeks later, petitioner filed a petition seeking modification of the June 10, 1994 order of custody so as to grant her primary physical custody of the children. Following a number of hearings conducted over a period of six months, Family Court modified the June 1994 order only to the extent of granting respondent sole legal and physical custody of Matthew. Petitioner appeals.

We affirm. Petitioner devotes substantially all of her brief to an attack on the parties' June 1994 custody agreement and its

subsequent incorporation into an order of Family Court, contending that Family Court erred in not appointing a Law Guardian and requiring the parties to appear in open court prior to execution of the agreement and in failing to perceive that the agreement was coerced and to assign culpability to respondent on that basis. However, the simple fact is that the validity of the agreement (or of the June 1994 order) is not at issue in the present proceeding. To the contrary, the governing standard is the best interest of the child (see, Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95), which is based on a consideration of the totality of the circumstances including "the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Perry v Perry, 194 AD2d 837).

Applying that standard to the record before us, we are not inclined to upset the determination reached by Family Court, which was of course in the best position to evaluate the credibility and character of the parties and witnesses firsthand (see, Eschbach v Eschbach, supra, at 173-174; Matter of De Losh v De Losh, 235 AD2d 851, 852; Matter of Nicotera v Nicotera, 222 AD2d 892, 893). First, because of the extremely acrimonious relationship of the parties, inflamed by the revelation of their respective infidelities and exacerbated by the presence of new suitors in each of their households, we cannot fault Family Court's decision that joint custody is not appropriate (see, Matter of Brown v Skalwold, 228 AD2d 749, 751, lv dismissed 89 NY2d 860; Palmer v Palmer, 223 AD2d 944, 945). In addition, Family Court was entitled to give some consideration to the parties' stipulation, the general preference for maintaining stability by continuing the existing residential arrangement when appropriate (see, Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947; Eschbach v Eschbach, supra at 171; Friederwitzer v Friederwitzer, supra, at 94-95) and the Law Guardian's recommendation that respondent be granted sole custody (see, Matter of Betancourt v Boughton, 204 AD2d 804, 807, n 4). Viewing the totality of the circumstances, we conclude that the best interest of the child was served by the award of sole legal custody to respondent.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.