■ In the Matter of JACQUE BAILEY, Appellant, v SCOTT G. STRINGER, Respondent. [674 NYS2d 171] —Mercure, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered September 23, 1997, which denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties are the parents of two children, born in 1988 and 1989. An August 1992 order of Family Court awarded the parties joint custody of the children but provided that the children's primary residence be with respondent, subject to reasonable visitation with petitioner. A subsequent order entered in November 1994 granted petitioner detailed liberal visitation. Between October 28, 1996 and April 4, 1997, petitioner filed a number of petitions, ultimately alleging changed circumstances and seeking an award of sole custody in her favor. During the pendency of that proceeding, respondent sought and Family Court granted an order of protection placing the children in respondent's sole temporary custody and prohibiting petitioner from having contact with the children or respondent. Following a fact-finding hearing conducted over the course of several days between July 18, 1997 and September 3, 1997, Family Court rendered a decision granting respondent sole custody of the children subject to petitioner's right to unsupervised visitation with the children on alternate weekends, for a five-day period encompassing Christmas, a four-day period encompassing Easter and one month during summer vacation. Petitioner appeals.

Although pursued at considerable length, we are unpersuaded by the contentions raised in petitioner's brief and accordingly affirm Family Court's order. Initially, we reject the contentions that Family Court failed to apply the proper standard in reviewing petitioner's modification petition and that the evidence presented at the fact-finding hearing did not support Family Court's determination to award respondent sole custody of the children and to diminish petitioner's visitation rights. To the contrary, Family Court properly articulated and then applied the "best interest" standard as set forth in Friederwitzer v Friederwitzer (55 NY2d 89, 93) and Eschbach v Eschbach (56 NY2d 167, 171), ultimately determining that the

children should remain with respondent. In that connection, Family Court found that petitioner "has inappropriately acted against the best interests of the children and that primary residence with her would be detrimental to their best interests".

In addition, Family Court correctly recognized that the parties' acrimonious relationship and inability to communicate with one another in a constructive or sensible fashion essentially precluded a continuation of the existing joint custody arrangement (*see, Matter of Marino v Marino*, 240 AD2d 954). Also, giving due deference to Family Court's resolution of credibility issues in favor of respondent (*see, id.*, at 955) and its finding of extraordinary circumstances, we are not persuaded to disturb Family Court's modification of respondent's visitation privileges.

As a final matter, we reject the contention that Family Court's written decision and order did not set forth the essential facts upon which the parties' rights and liabilities depend (*see, Matter of Jose L. I.*, 46 NY2d 1024; *Clarke v Clarke*, 101 AD2d 911, 912; *see also*, Family Ct Act § 165; CPLR 4213 [b]). Petitioner's remaining arguments have been considered and found to be lacking in merit.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.