■ In the Matter of KENT B. HOLLISTER, Respondent, v LORI L. HOLLISTER, Appellant. [678 NYS2d 820] —Mercure, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered April 23, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The parties were married in December 1994. They have one child, a son born in 1995. In February 1996, respondent took the child from the marital residence in St. Lawrence County and went to live with her family in Pennsylvania. Petitioner, who had been given no notice of respondent's intention to leave the marital residence or of the whereabouts of the child following her departure, filed a petition seeking custody of the child. Ultimately, after receiving extensive testimony from a number of witnesses and issuing a comprehensive written decision, Family Court granted the petition and awarded petitioner sole custody of the child subject to "substantial and liberal" structured visitation. Respondent appeals and we affirm.

Giving due deference to Family Court's credibility determinations, and particularly its resolution of the parties' conflicting testimony (*see, Matter of Bailey v Stringer*, 251 AD2d 802; *Matter of Morehouse v Morehouse*, 251 AD2d 710), and taking into account the quality of the parents' home environments, their past performance, relative fitness and ability to provide a stable and nurturing environment for the child, we perceive no valid basis for disturbing Family Court's determination that the child's best interest was served by an award of custody in favor of petitioner (*see, id.*; *Matter of Bryant-Bosshold v Bosshold*, 232 AD2d 762). To the contrary, abundant support for Family Court's order can be found in the hearing evidence, which showed that respondent had been arrested for shoplifting and then gave a false account of the incident to petitioner and in her hearing testimony before Family Court, secretly removed the child from the marital residence and during the

pendency of the custody proceeding developed a pattern of taking the child to a physician immediately following periods of visitation with petitioner, in an apparent attempt to "build a case against" petitioner.

Further, respondent was content to exist on public assistance while projecting a plan for future education and training that proved to be "unrealistic" and "ephemeral" and exposed the child to an unacceptable risk of harm from second-hand cigarette smoke and by permitting the child to come into contact with her stepbrother, an adjudicated sex offender. In contrast, petitioner had been gainfully employed for nearly a year and his life had stabilized. He also benefitted from a closely knit and very supportive extended family and, as found by Family Court, "is best equipped in the long run to provide the necessary stability and care for his son".

As a final matter, we reject the contention that Family Court erroneously failed to consider petitioner's alleged acts of physical and sexual abuse. To the contrary, Family Court considered respondent's testimony as to "two so-called incidents of domestic violence" and concluded that respondent failed to establish her accusations by a preponderance of the credible evidence. Respondent's remaining contentions have been considered and found to be lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.