■ In the Matter of Susan M. Aldrich, Appellant, v Chris Aldrich, Respondent. [693 NYS2d 282] —Mercure, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered April 3, 1998, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties were married in 1990. They have two children, a daughter born in 1992 and a son born in 1994. In June 1996, petitioner left the marital home, taking the children with her. Shortly thereafter, she filed a petition seeking, *inter alia*, sole custody of the children; respondent cross-petitioned for the same relief. Following hearings, Family Court dismissed the petition, granted the cross petition and awarded respondent sole custody of the children, subject to liberal visitation awarded to petitioner. Petitioner appeals.

We affirm. Initially, we are not persuaded by the contention that Family Court erred in disregarding the recommendation of the expert psychologist and in failing to consider respondent's alleged acts of domestic violence. Although worthy of serious consideration, a psychologist's recommendation is by no means determinative. Quite the contrary, Family Court would have been seriously remiss if it had delegated its fact-finding role and ultimate determination to the psychologist (*see, Matter of Betancourt v Boughton*, 204 AD2d 804, 807, n 4; *Matter of Perry v Perry*, 194 AD2d 837, 838).

In its lengthy decision, Family Court recognized the psychologist's recommendation that petitioner be given custody of the children because the children viewed her as their primary attachment figure and she had more free time to spend with them, but correctly noted the absence of "a strong, ringing endorsement of one parent over the other". Family Court also noted the psychologist's own safety concerns arising out of petitioner's past psychiatric difficulties and her demonstrated failure to properly supervise the children and the psychologist's consequent recommendation that petitioner be closely monitored by Preventive Services in order to ensure the children's physical safety. Giving due consideration to the psychologist's recommendation, Family Court ultimately concluded that the support system was insufficient to monitor petitioner's activities to the extent necessary to permit an award of custody to her. We also conclude that Family Court gave more than adequate consideration to petitioner's allegations of domestic violence, but after hearing the parties' competing versions of the events and other relevant hearing evidence determined that petitioner's allegations were simply not credible (see, Matter of Hollister v Hollister, 254 AD2d 580).

Finally, we perceive no valid basis for disturbing Family Court's conclusion that the award of sole custody to respondent was in the children's best interests (see, Matter of Hubbard v Hubbard, 221 AD2d 807). Extensive evidence was adduced concerning petitioner's prior mental illness, including her bizarre refusal to acknowledge her second pregnancy, even while she was delivering her son, her resulting failure to obtain any prenatal medical care and her serious and repeated dereliction in properly supervising the children. The evidence showed that petitioner left the children alone in the house on a number of occasions, once while they were in the bathtub, and failed to take adequate precautions to protect them from obvious dangers, such as a cup of hot coffee which scalded her daughter. Respondent, on the other hand, suffered from no such patent deficiencies and, although less experienced in assuming a primary parenting role, exhibited better judgment in the care of the children and was benefitted by the guidance and assistance of the children's paternal grandmother.

Mikoll, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.