■ In the Matter of TINA M. COBANE, Appellant, v BRIAN P. COBANE, Respondent. [908 NYS2d 890]—Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered June 11, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in violation of a prior order of custody and visitation.

Family Court was fully familiar with the parties, who had previously appeared before it as they quarreled over various aspects of the custody of their three children. In the current

---

* Respondent suffers from a visual impairment.

proceeding, petitioner (hereinafter the mother) alleged that respondent (hereinafter the father) willfully violated various aspects of a March 2007 order, including denying her scheduled visitation with the children. Following a hearing, Family Court, among other things, held that the mother had failed to prove a willful violation and, accordingly, dismissed the petition. The mother appeals.

We affirm. Initially, as to the standard of proof used, although Family Court noted an apparent split of authority regarding the appropriate level of proof (*compare Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009], *with Matter of Rubackin v Rubackin*, 62 AD3d 11, 13 [2009]), it specifically held that the mother's proof was insufficient under either standard. Family Court found that the mother (as well as the father) lacked credibility and, since the parties were the only ones to testify, this determination provided—contrary to the mother's contention—an ample basis for dismissing her petition (*see Matter of Bailey v Stringer*, 251 AD2d 802, 803 [1998]; *cf. Matter of Jose L.I.*, 46 NY2d 1024, 1026 [1979]). Moreover, our review reveals that Family Court's credibility determination and its decision to dismiss the petition are supported by the record. Finally, the mother's assertion that Family Court erred in the manner it conducted the hearing has been considered and found to lack merit.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.