In the Matter of Timnit Yishak, Appellant, v Tensaew Ashera, Respondent. [933 NYS2d 785]—

Kavanagh, J. 

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married and are the parents of five children, two of whom are under the age of 21 (born in 1993 and 1999) and are the subject of this proceeding. After the parties separated, Family Court, in an order entered in January 2009, awarded physical custody of the two children—and a third child who at that time was also under 21—to the father. The mother appealed and this Court affirmed (*Matter of Yishak v Ashera*, 68 AD3d 1282 [2009]). Additional petitions were later filed and, in September 2009, the court entered an order directing that any visits by the mother with the children were to occur at the Family and Children's Society. It also required the father to, within 10 days of the issuance of that order, "enroll the subject children in counseling at the Family and Children's Society or with such other therapist as he selects." Two months later, the mother filed a petition alleging that the father had willfully violated this order by failing to timely enroll the children in counseling. After a trial at which the father and the parties' adult son testified, the court found that the father had not violated the prior order because he had made a good faith effort to arrange for counseling, and it dismissed the petition. The mother appeals and we now affirm.

In support of her petition, the mother was required to show by clear and convincing evidence "that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that [the father] . . . had actual knowledge of its terms, and that his . . . failure to act defeated, impaired, impeded or

prejudiced a right of the moving party. Significantly, [the mother] must show that an alleged violation was willful" (*Matter of Omahen v Omahen*, 64 AD3d 975, 977 [2009] [internal quotation marks and citations omitted]; *see Matter of Lagano v Soule*, 86 AD3d 665, 666 [2011]; *Matter of Holland v Holland*, 80 AD3d 807, 808 [2011]). Here, the father testified that he had his counsel contact the Family and Children's Society to arrange for counseling for the children.* When he learned from counsel that the agency, despite repeated attempts to contact it, had not responded, the father, in an attempt to comply with the terms of Family Court's order, arranged for the children to be assessed by the Broome County Mental Health Department for counseling. Giving due deference to the court's credibility determination (*see Matter of Fitzpatrick v Fitzpatrick*, 77 AD3d 1108, 1109 [2010]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1321-1322 [2008], *lv denied* 12 NY3d 706 [2009]), we cannot conclude that Family Court erred in finding that the father had not willfully violated the custody order (*see Matter of Cobane v Cobane*, 77 AD3d 1068, 1069 [2010], *lv dismissed* 16 NY3d 736 [2011]).

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The father, because of language difficulties, claimed that he required counsel's assistance to make the necessary arrangements for the counseling.