■ In the Matter of CORINNE PREZIOSO, Appellant, v JOHN PREZIOSO, Respondent. [943 NYS2d 773]—In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from a fact-finding order of the Family Court, Orange County (Klein, J.), dated June 3, 2011, which, after a fact-finding hearing, found that the husband did not commit a family offense.

Ordered that on the Court's own motion, the notice of appeal from the fact-finding order is deemed to be an application for leave to appeal from the fact-finding order, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,

Ordered that the fact-finding order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings on the petition before another Judge in accordance herewith.

After a fact-finding hearing, the Family Court found that the wife failed to establish that the husband harassed her or committed some other family offense in connection with an incident that occurred at the marital residence on January 26, 2009. However, since the petition alleged that the husband violated the terms of an order of protection issued by the Family Court on December 12, 2008, the issue before the Family Court was whether, at the fact-finding hearing, the wife established that the husband willfully failed to obey the terms of the subject order of protection (see Family Ct Act §§ 842, 846, 846-a; Matter of Rubackin v Rubackin, 62 AD3d 11, 14 [2009]).

Accordingly, we remit the matter to the Family Court, Orange County, for a new fact-finding hearing and a new determination of the petition thereafter, with specific reference to the allegations in the petition that the husband violated the order of protection. Under the circumstances of this case, we deem it appropriate that the new hearing should be held before a different Judge. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.