In the Matter of AYDEE M. RAMOS, Appellant, v HENRY I. CACERES, Respondent. [961 NYS2d 282]—

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Greenwald, J.), dated July 18, 2012, as, without a hearing, dismissed her petition.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for a hearing and a new determination of the petition thereafter.

The mother filed a violation petition alleging that the father had contacted her in violation of an order of protection dated March 29, 2011. The mother also moved for an extension of the order of protection, which was due to expire. The father consented to the extension of the order of protection. Upon the father's consent to the extension of the order of protection, the Family Court summarily dismissed the mother's violation petition, despite the mother's desire to pursue the petition.

Under these circumstances, it was error for the Family Court to summarily dismiss the violation petition, and the Family Court should have afforded the mother the opportunity to be heard with respect to her allegations (*see Matter of Muller v Castagnola*, 94 AD3d 892 [2012]). The violation petition sufficiently alleged that the father wilfully violated the order of protection and, thus, the mother was entitled to a hearing on the petition (*see Matter of Prezioso v Prezioso*, 95 AD3d 1021 [2012]; *Matter of McCarthy v McCarthy*, 90 AD3d 758, 759 [2011]). Accordingly, the matter must be remitted to the Family Court, Westchester County, for a hearing and a new determination of the violation petition thereafter. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.