Garry, J.
Appeal from an order of the Family Court of Greene County (Pulver Jr., J.), entered October 5, 2012, which, among other things, partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2009). In March 2012, the parties consented to a Family Court order awarding sole legal and physical custody of the child to the mother and granting supervised visits to the father, who was incarcerated. In June 2012, the father commenced the first of these proceedings seeking to modify the visitation order, and in August 2012 he commenced the second proceeding alleging a violation. Following an appearance in August 2012, Family Court issued an order modifying the timing of the visits to accommodate a change in the father’s correctional facility, and summarily dismissed the violation petition. The father appeals.
As the father concedes, his release on parole in June 2013 renders his challenge to the modification order moot (see Matter of Samantha WW. v Gerald XX., 107 AD3d 1313, 1315 [2013]). However, the challenge to dismissal of the violation petition remains (see id.), and Family Court erred in summarily dismissing this petition. The allegations, if established, were sufficient to support a finding that the father’s rights had been impaired by the mother’s willful failure to comply with the original order (see Matter of Yishak v Ashera, 90 AD3d 1184, 1184-1185 [2011]). As factual issues were posed, a hearing should have *1094 been conducted (see Matter of Ramos v Caceres, 104 AD3d 775, 775 [2013]; compare Matter of Brown v Mudry, 55 AD3d 828, 829 [2008]). Despite the attorney for the child’s persuasive argument that the interests of the child may not be served by such further proceedings, the matter must be remitted for that purpose.
Stein, J.E, McCarthy and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner’s violation petition; matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.