■ In the Matter of JOHN TYLER, Appellant, v SANDRA WRIGHT, Respondent. [989 NYS2d 128]—

In a family offense proceeding pursuant to Family Court Act article 8, John Tyler appeals from (1) an order of the Family Court, Queens County (Jolly, J.), dated October 16, 2013, which, after a fact-finding hearing, dismissed the family offense petition, and (2) an order of the same court also dated October 16, 2013, which, without a hearing, dismissed his violation petition.

Ordered that the order dated October 16, 2013, which, after a

fact-finding hearing, dismissed the family offense petition is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated October 16, 2013, which, without a hearing, dismissed the violation petition, is reversed, on the law, without costs or disbursements, the violation petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination thereafter of the violation petition.

After a fact-finding hearing, the Family Court properly determined that the petitioner failed to establish, by a preponderance of the evidence, that the respondent committed a family offense (*see* Family Ct Act §§ 812, 832; *Matter of Velazquez v Haffey*, 113 AD3d 783 [2014]; *Matter of Khan v Khan*, 112 AD3d 829 [2013]).

However, the Family Court erred in summarily dismissing the petition alleging that the respondent, among other things, communicated with the petitioner in violation of a temporary order of protection dated June 13, 2013. The Family Court should have afforded the petitioner the opportunity to be heard with respect to those allegations. The violation petition sufficiently alleged that the respondent wilfully violated the temporary order of protection and, thus, the petitioner was entitled to a hearing on that petition (*see Matter of Ramos v Caceres*, 104 AD3d 775 [2013]; *Matter of Prezioso v Prezioso*, 95 AD3d 1021 [2012]; *Matter of McCarthy v McCarthy*, 90 AD3d 758, 759 [2011]). Accordingly, the matter must be remitted to the Family Court, Queens County, for a hearing and a new determination thereafter of the violation petition. Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.