Matter of Shannon X. v Koni Y. (2020 NY Slip Op 01215)





Matter of Shannon X. v Koni Y.


2020 NY Slip Op 01215


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

526931

[*1]In the Matter of Shannon X., Appellant,
v
Koni Y., Respondent.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Alexander W. Bloomstein, Hillsdale, for appellant.
Michelle I. Rosien, Philmont, for respondent.
Pamela J. Joern, East Chatham, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Columbia County (Teresi, J.H.O.), entered June 3, 2018, which, in a proceeding pursuant to Family Ct Act article 6, sua sponte dismissed the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2006).[FN1] In June 2016, Family Court (E. Walsh, J.) issued an order on consent awarding the mother sole legal and physical custody of the child. The father, who has been and remains incarcerated, was accorded various rights of communication with the child. The mother was directed to, among other things, use her "best efforts" to encourage the child to converse with the father in a scheduled monthly telephone call, to ensure that the child received gifts and correspondence from the father and to provide periodic school reports and photographs at least twice a year. In a violation petition filed in December 2017, the father alleged that the mother failed to comply with each aspect of the consent order. At an initial appearance, Family Court (Teresi, J.H.O.) heard arguments from the parties and the attorney for the child, questioned the father directly and then summarily dismissed the petition without a hearing. The father appeals.
We reverse. Where, as here, a petition sets forth facts of willful noncompliance which, if established at a hearing would provide a basis for the relief sought, Family Court must afford the petitioner an opportunity to be heard (see Matter of Tyler v Wright, 119 AD3d 595, 596 [2014]; Matter of Schnock v Sexton, 101 AD3d 1437, 1438 [2012]). The father alleged that he is being denied his routine monthly phone call, as well as calls at Christmas and the child's birthday, as required by the consent order. Accepting the representations from counsel for the mother and the attorney for the child that missed calls were made up and that the child no longer wishes to communicate with the father and chooses not to respond to his correspondence, Family Court concluded that there were no contested facts and dismissed the petition. In doing so, the court failed to address the mother's obligation under the consent order to encourage the child to communicate with the father. Whether she failed to do so as alleged remains a disputed contention necessitating relevant testimony, not simply the arguments of counsel. Nor did the court address the father's claim that the mother failed to provide updated photographs and school records. In our view, the court erred in dismissing the petition without a hearing (see Matter of Hartley v Post, 111 AD3d 1093, 1093-1094 [2013]). As such, the matter must be remitted for a hearing and a new determination.
Garry, P.J., Egan Jr., Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The parties' older child was born in 1998 and visitation with this child is no longer at issue.