Matter of Shannon X. v Koni Y. (2021 NY Slip Op 04168)





Matter of Shannon X. v Koni Y.


2021 NY Slip Op 04168


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

530209
[*1]In the Matter of Shannon X., Appellant,
v
Koni Y., Respondent.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Alexander W. Bloomstein, Hillsdale, for appellant.
Michelle I. Rosien, Philmont, for respondent.
Pamela J. Joern, East Chatham, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Columbia County (Jacon, J.H.O.), entered August 19, 2019, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2006).[FN1] Pursuant to a June 2016 order entered upon consent, the mother has sole legal and primary physical custody of the child, while the father — who was and continues to be incarcerated — has various rights of communication. Specifically, under the terms of the 2016 consent order, the father is permitted to have telephone contact with the child for "up to 30 minutes" on the second Sunday of each month and to communicate with the child by written correspondence, including cards and gifts, so long as such correspondence is "appropriate." Further, under the terms of the order, the mother must "use her best efforts to encourage the child to engage" with the father on the telephone and to respond to written correspondence. The mother is also required to provide the father with updated photographs at least twice a year and periodic school reports.
In October 2018, based upon allegations that the mother was not complying with the 2016 order,[FN2] the father commenced this modification proceeding seeking to establish in-person visits with the child and to remove the mother "from having any involvement [in his] contact with [the] child." The matter proceeded to a fact-finding hearing, at which the father was the sole witness. At the close of the father's proof, the mother and the attorney for the child moved to dismiss the petition. Finding that the father had failed to prove the requisite change in circumstances, Family Court granted the motion from the bench and, consequently, canceled the Lincoln hearing that had been scheduled to follow. Family Court subsequently issued an order dismissing the petition, and the father now appeals.
Initially, we note that — when the father's attorney was present, but the father was not — the Judicial Hearing Officer made several inappropriate comments concerning, among other things, the father's repeated court filings. However, disregarding these comments, when we independently review the proof offered by the father, we agree with Family Court that the father failed to prove that, since entry of the 2016 consent order, there had been a change in circumstances warranting an inquiry into whether the best interests of the child would be served by a modification of the order (see Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1481 [2020]; Matter of William EE. v Christy FF., 151 AD3d 1196, 1197 [2017]).
In arguing — in opposition to the motion to dismiss — that he made the requisite change in circumstances showing, the father relied in part upon his transfer from Clinton Correctional Facility to Coxsackie Correctional Facility, which was considerably [*2]closer to the child's home. However, the father's transfer to a closer correctional facility could not be considered by Family Court, given that the transfer occurred after the father filed his petition and the father did not move to conform the pleadings to the proof (see CPLR 3025 [c]; Family Ct Act § 165 [1]; see Matter of Martin v Mills, 94 AD3d 1364, 1365 & n [2012]; cf. Matter of Nahlaya MM. [Britian MM.], 172 AD3d 1482, 1484 & n 3 [2019]). The father also relied upon the child's refusal over a series of months to meaningfully engage on the telephone. Considering the proof submitted on this point, including the father's testimony that the child was continuing to get on the telephone at times, even if to say that she did not want to talk, we find that the child's refusal to engage in a meaningful conversation, standing alone, does not satisfy the change in circumstances requirement (compare Matter of Abram v Abram, 145 AD3d 1377, 1378-1379 [2016]). The father's allegation that the mother is interfering with or discouraging the father's rights of communication is more suited to resolution in the violation proceeding that remains pending in Family Court (see Matter of Shannon X. v Koni Y., 180 AD3d 1168 [2020]). Accordingly, as the father failed to establish the requisite change in circumstances, Family Court properly dismissed the petition.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The parents also have an older child together, who has reached the age of majority.

Footnote 2: In December 2017, the father filed a violation petition against the mother alleging that she had failed to comply with the terms of the 2016 order. Although Family Court (Teresi, J.H.O.) summarily dismissed the petition, this Court reversed and remitted the matter for a hearing and a determination (Matter of Shannon X. v Koni Y., 180 AD3d 1168 [2020]). The attorney for the child represented at oral argument that the violation proceeding remains pending and that a hearing had not yet been held. Despite the father's urgings, we will not consider the record on appeal associated with the violation proceeding (cf. Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1480 n 2 [2020]).