Matter of Kyle J. v Taylor K.
2026 NY Slip Op 03487
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kyle J., Appellant,
v
Taylor K., Respondent, (Proceeding No. 1.) (And Two Other Related Proceedings.)
In the Matter of Taylor K., Petitioner,
v
Kyle J., Appellant. (Proceeding No. 4.) (And Other Related Proceedings.)

Decided and Entered:June 4, 2026
CV-25-0023
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Matthew C. Hug, Albany, for appellant.
Tsvetelina Gerova-Wilson, Albany, attorney for the child.

[*1]
Aarons, J.
Appeal from an order of the Family Court of Rensselaer County (Anne Coonrad, J.), entered December 2, 2024, which, among other things, granted petitioner's application, in proceeding No. 4 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Kyle J. (hereinafter the father) and Taylor K. (hereinafter the mother) are the parents of the subject child (born in 2020). Pursuant to an October 2021 custody order, the parties had joint legal custody and the mother had primary physical custody. The father was awarded parenting time on an alternating weekly schedule, with week one beginning on Friday evenings and ending on Tuesday mornings and week two beginning on Monday mornings and concluding on Tuesday mornings, as well as additional parenting time as the parties could agree. In January 2023, the mother filed a petition to modify the prior custody order, alleging that the father was not exercising his full parenting time. Shortly thereafter, the father also filed a modification petition requesting additional parenting time due to changes in his work schedule.FN1 Additionally, the father filed a violation petition alleging that the maternal grandparents refused to hand over the child during his scheduled parenting time.
In May 2023, Family Court issued a temporary order of custody restricting the father's weekly parenting time to only such times and places as the parties could agree, with the mother's agreement not to be unreasonably withheld. During the pendency of these proceedings, the father filed 11 additional violation petitions and the mother filed 2 violation petitions. As relevant here, the father alleged that on multiple occasions the mother unreasonably withheld parenting time and failed to inform him that she and the child were residing at her boyfriend's house. Following a fact-finding hearing on all petitions, at which only the mother and the father testified, Family Court granted the mother's modification petition, awarded her sole legal and primary physical custody and reduced the father's parenting time to alternating weekends and two dinners per week. Additionally, Family Court dismissed all but two of the father's violation petitions and granted the mother's violation petitions. The father appeals.FN2
"A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Heather F. v Matthew G., 239 AD3d 1084, 1085 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of John M. v Tashina N., 218 AD3d 935, 936 [3d Dept 2023]). Here, neither parent disputes that there has been a change in circumstances since entry of the prior order — albeit for different reasons. We note, however, that Family Court failed to conduct this threshold inquiry with respect to the mother's modification petitions, instead [*2]moving straight to the best interests analysis. This was error. Nonetheless, our independent review of the record confirms that there was a change in circumstances inasmuch as the father failed to exercise his parenting time and the parties' relationship became increasingly strained (see Matter of Andrea II. v Joseph HH., 203 AD3d 1356, 1357 [3d Dept 2022]; Matter of Damon B. v Amanda C., 195 AD3d 1107, 1108 [3d Dept 2021]). Accordingly, we turn our attention to the best interests of the child (see Matter of Sherab X. v Michelle Y., 244 AD3d 1532, 1533 [3d Dept 2025]).
"Because the best interests of a child generally lie with a healthy, meaningful relationship with both parents, parenting time with a noncustodial parent is presumed to be in a child's best interests" (Matter of Jill Q. v James R.,185 AD3d 1106, 1108 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; accord Matter of Henry CC. v Antoinette DD., 222 AD3d 1231, 1234 [3d Dept 2023]). Thus, "unless parenting time with the noncustodial parent would be detrimental to the child's welfare, Family Court is required to fashion a parenting time schedule that affords the noncustodial parent frequent and regular access to the child" (Matter of Jill Q. v James R.,185 AD3d at 1108 [citations omitted]; see Matter of Richard CC. v Lacey DD., 243 AD3d 1186, 1188 [3d Dept 2025]). "Family Court has broad discretion to develop a parenting time schedule in the best interests of the child, and we will not disturb such determination unless it lacks a sound and substantial basis in the record" (Matter of Henry CC. v Antoinette DD., 222 AD3d at 1234 [internal quotation marks and citations omitted]; see Matter of Kelly SS. v Justin TT.,244 AD3d 1345, 1347 [3d Dept 2025]).
The father contends that Family Court erred when it reduced his parenting time and, instead, should have increased his parenting time by one day.FN3 We disagree. The record confirms that, during the day of the week the father requested, the father would still be working and/or the child would be in daycare. Moreover, the court credited the mother's testimony, which was supported by exhibits, that the father had forfeited his parenting time on several occasions and made no efforts to contact the child. Therefore, the court's parenting time determination is supported by a sound and substantial basis in the record (see Matter of Samantha E. v Nicholas F., 233 AD3d 1295, 1299 [3d Dept 2024]; Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 762 [3d Dept 2021]; Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1078 [3d Dept 2020], lv denied 35 NY3d 913 [2020]).
Next, the father contends that Family Court erroneously dismissed three of his violation petitions. "A party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed [*3]that order, and that this conduct prejudiced the opposing party's rights" (Matter of Amber EE. v Kalem EE., 241 AD3d 1623, 1626 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Michelle L. v Steven M., 227 AD3d 1159, 1163-1164 [3d Dept 2024]). "[C]ivil contempt is established, regardless of the contemnor's motive, when disobedience of the court's order defeats, impairs, impedes, or prejudices the rights or remedies of a party" (El-Dehdan v El-Dehdan, 26 NY3d 19, 35 [2015] [internal quotation marks and citations omitted]; see Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1203 [3d Dept 2025]; Matter of Jahari BB. v Zada CC., 232 AD3d 1142, 1147 [3d Dept 2024]).
The father failed to show that the mother unreasonably withheld parenting time, in violation of the May 2023 order, when she refused to give over the child during a planned exchange at a gas station. Testimony and video footage from this incident revealed that, despite being prohibited by the May 2023 temporary order from disparaging each other in front of the child, the father began the interaction by criticizing the mother's failure to put a jacket on the child, and the situation devolved quickly into a heated argument, making the custody exchange impossible. Similarly, we reject the father's contention that Family Court erred in not concluding that the mother unreasonably withheld parenting time from him on Fridays. The father's Friday parenting time had been by informal agreement based upon the mother's work schedule, which later changed to allow her to supervise the child on Fridays when the child is not in daycare. Finally, the record supports the court's conclusion that the mother did not violate the temporary order's mandate to keep the father "apprised of [her] contact information and any changes thereto" based upon the mother's failure to inform him that she and the child were residing with the mother's boyfriend in the City of Albany. Though the mother admitted that she and the child spent some weekends with the boyfriend, the court credited the mother's testimony that her full-time residence was still her parents' house. Therefore, Family Court appropriately dismissed the petitions (see Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1906, 1907 [3d Dept 2020]; Matter of Barbara L. v Robert M., 116 AD3d 1101, 1103 [3d Dept 2014]; Matter of Cobane v Cobane, 77 AD3d 1068, 1069 [3d Dept 2010], lv dismissed 16 NY3d 736 [2011]).
Clark, J.P., Ceresia, McShan and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
The mother and the father both filed subsequent modification petitions reasserting and expanding on the allegations in their prior petitions. The mother ultimately withdrew her first petition.

Footnote 2
The mother did not file a brief on appeal. The attorney for the child supports the order as it relates to the custodial and parenting time arrangements but takes no position on the violation petitions.

Footnote 3
The father does not contest the award of sole legal custody to the mother.