■ In the Matter of ANNETTE PEREL, Respondent, v DANIEL MICHAEL GONZALEZ, Appellant. [964 NYS2d 28]—

Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about March 7, 2012, which denied respondent's

objection to the Support Magistrate's imputation to him of income based on the full market value of his employer-provided apartment, and bringing up for review an order, same court and Justice, entered on or about May 26, 2010, which denied his objections to the parts of the Support Magistrate's order of support that required him to pay child support in the amount of $476.49 per week, applied the child support percentage to the parties' combined income above the $130,000 statutory cap, and required respondent to pay his pro rata share of the child's private pre-kindergarten tuition, unanimously affirmed, without costs.

The court correctly determined the parties' income for purposes of calculating their basic child support obligations (see Family Ct Act § 413 [1] [b] [3]; [c]; Matter of Cassano v Cassano, 85 NY2d 649 [1995]). The record supports the Support Magistrate's determinations of respondent's income based on his 2008 annual gross income and the value of his employer-provided apartment and petitioner's income based on her 2008 annual gross income and her previous full-time employment as a concierge.

The Support Magistrate articulated the basis for applying the statutory percentage to the parties' income in excess of the $130,000 statutory cap (see Matter of Cassano, 85 NY2d at 654-655). Citing Gina P. v Stephen S. (33 AD3d 412, 414 [1st Dept 2006]), she observed that the parties' combined income was not well in excess of the cap. Respondent contends that the child's needs were met by the statutory amount of the first $130,000 of combined parental income (see Family Ct Act 413 [1] [b] [3] [i]). However, the record shows that the child's pre-school tuition and allocated housing cost alone—that is, excluding food, clothing and all other expenses—is almost equal to that amount.

The Support Magistrate properly declined to credit respondent with "extraordinary expenses" in connection with his visitation with the child. The Court of Appeals considered and expressly rejected any use in New York of the proportional offset formula in Bast v Rossoff (91 NY2d 723, 728-730 [1998]). Thus, we decline to follow Matter of Carlino v Carlino (277 AD2d 897 [4th Dept 2000]), as urged by respondent.

We reject respondent's arguments that income may not be imputed to him based on the value of his employer-provided apartment because the value of lodging furnished to an employee pursuant to employment is excluded from income under the Internal Revenue Code (see 26 USC § 119 [a]), the Supremacy Clause of the United States Constitution requires the value to be excluded as income for child support purposes, and it is

unconstitutional because it conflicts with the Internal Revenue Code. The Family Court Act provides that "at the discretion of the court, the court may attribute or impute income from[ ] such other resources as may be available to the parent, including, but not limited to: . . . lodging . . . or other perquisites that are provided as part of compensation for employment to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirec[t]ly confer personal economic benefits" (Family Ct Act § 413 [1] [b] [5] [iv] [B] [footnote omitted]). The record shows that respondent had a separate office in the same building, that he was not required to be on the premises after completing his 9 to 5 shift, that he used the apartment for his daily living activities, and that he was not restricted in any way in his use of the apartment.

Contrary to respondent's argument that the Support Magistrate's valuation of the subject apartment was not supported by evidence, respondent himself testified that the rent for a similar apartment in the building was $3,000, and he did not challenge the court's reliance on that figure.

Respondent's claim that the Support Magistrate should have reduced the imputed income based on the apartment by the mortgage payment for the home he is unable to use, i.e., his "investment loss," is unpreserved for appellate review.

The record supports the Support Magistrate's finding that respondent consented to the enrollment of the child in a private pre-kindergarten school. He admitted that before enrolling the child in the school he and petitioner had looked at several other private schools. There is no evidence that the parties ever considered enrolling the child in a public pre-kindergarten program. Respondent did not sign the enrollment contract, but he was aware that petitioner had made a non-refundable deposit to reserve the child's place in February 2009. We defer to the Support Magistrate's finding that respondent's consistent denial that he ever consented to the child's enrollment in private school was "wholly incredible and self serving."

Nothing in the record supports respondent's contention that the Support Magistrate exceeded her authority or demonstrated bias against him.

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.