## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: April 9, 2015                519640
_____

In the Matter of LISA
    COVINGTON,
                    Respondent,

        v                            MEMORANDUM AND ORDER

KEVIN J. BOYLE II,
                    Appellant.
_____


Calendar Date: February 20, 2015

Before: Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        Cordell & Cordell, PC, Albany (J. Rochelle Cavanagh of
counsel), for appellant.

        The Spada Law Firm, Albany (Justine L. Spada of counsel),
for respondent.

_____

Garry, J.

        Appeal from an order of the Family Court of Albany County
(Maney, J.), entered January 7, 2014, which, in a proceeding
pursuant to Family Court Act article 4, denied respondent's
objections to the order of a Support Magistrate.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) were married in 1995 and have one child
together (born in 1995). The parties became estranged in 1997,
and Family Court thereafter entered an order upon consent
establishing child support and providing, as pertinent here, that
"the parties shall contribute to their daughter's college
education as provided in their separation agreement and/or
divorce judgment to be made and executed hereafter." The

parties' separation agreement and the judgment of divorce, which followed in 1999, failed to make any specific direction relative to the college expenses.  However, both the separation agreement and divorce judgment did continue and incorporate, without merging, the terms of the prior support order.  The judgment of divorce further provided that the father must "pay basic child support and contribute to . . . future educational expenses, in accordance with the [prior support order]."  In 2013, in anticipation of the child's enrollment in college, the mother petitioned for an order directing the father to contribute to the child's college expenses.  Following a hearing, the Support Magistrate directed the father to pay a 70% pro rata share of the child's college expenses.  Family Court denied the father's written objections, and the father appeals.

Where college expenses are addressed in a child support agreement or order that is incorporated without merger into a judgment of divorce, a party seeking to modify that provision must demonstrate "an unanticipated and unreasonable change in circumstances" (Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; see Hejna v Reilly, 26 AD3d 709, 711 [2006]).[1]  The father argues that, because the mother made no such showing, Family Court erred.  We find, however, that read together, the language set forth in the divorce judgment and in the prior child support order incorporated therein supports the mother's assertion that, although her application was styled as a modification, it should instead be viewed as a request for enforcement.  The clear language of these documents reveals that the parties initially considered the child's pursuit of a college education, intended to contribute to that pursuit, and "contemplated a later determination by the court concerning the sharing of educational expenses when appropriate" (Matter of Antes v Miller, 304 AD2d 892, 893 [2003]).  As the mother was merely seeking a determination that had been previously contemplated in their

_____

[1]  Though not applicable here, we note that a party seeking to modify an agreement or stipulation entered into on or after October 13, 2010 must instead demonstrate a substantial change in circumstances (see Family Ct Act § 451 [3] [a]; L 2010, ch 182, § 13).

agreement, rather than seeking "to readjust[] the respective obligations of the parents" (Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982]), no showing of unusual or unanticipated circumstances was required.

The father further contends that Family Court erred in attributing per diem payments that he received from his employer as income. The father testified that he received $1,200 per week to cover expenses associated with commuting to Kansas from North Carolina for his employment. In support of this testimony, he submitted tax forms and a pay stub showing that the per diem payments were designated as nontaxable compensation, and argues that the court erred in including them in his income. We disagree. Under the Child Support Standards Act (see Family Ct Act § 413), Family Court is vested with "considerable discretion" in determining what sources of funds may be included in a party's income for child support purposes (Matter of Susan M. v Louis N., 206 AD2d 612, 613 [1994]). Parental income is not restricted to a parent's taxable income, but may include, at the court's discretion, "meals, lodging, memberships, automobiles or other perquisites that are provided as part of compensation for employment to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirec[t]ly confer personal economic benefits" (Family Ct Act § 413 [1] [b] [5] [iv] [B]).

Here, the father submitted a spreadsheet generally outlining his business expenses. Notably, the spreadsheet included costs that would have been incurred regardless of his business travel, including, among other things, food, automobile insurance and registration, and a cellular phone. The father failed to submit any documentation to show that his employer limited the use of his per diem payments to business expenses, nor did he provide receipts or other documentation of any specific expenditures made. Given the scarcity of proof as to how the per diem payments were expended, and recognizing that "a [h]earing [e]xaminer or court is not bound by a parent's own account of his or her financial situation" (Matter of Ciampi v Sgueglia, 252 AD2d 755, 756-757 [1998]; see Matter of Vetrano v Calvey, 102 AD2d 932, 933 [1984]), we find no abuse of discretion in Family Court's inclusion of the per diem payments in the

father's income (see Matter of Perel v Gonzalez, 105 AD3d 552, 553-554 [2013], lv denied 21 NY3d 865 [2013]; Bellinger v Bellinger, 46 AD3d 1200, 1201-1202 [2007]; Skinner v Skinner, 241 AD2d 544, 545 [1997]; see generally Matter of Massey v Evans, 68 AD3d 79, 84 [2009]).

Finally, we reject the father's contention that Family Court erred in not reducing his basic child support obligation to account for his contributions to the child's college room and board expenses. While a court may exercise its discretion to reduce a parent's basic child support obligation to reflect contributions made to a child's college expenses (see Matter of Kirschner v Kirschner, 119 AD2d 962, 963 [1986]), "the availability and amount of such a credit depend upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries" (Matter of Apjohn v Lubinski, 114 AD3d 1061, 1064 [2014], lv denied 23 NY3d 902 [2014] [internal quotation marks, brackets and citation omitted]).

Here, the record reveals that the child will continue to reside in the mother's home during school vacations and breaks. The mother testified that she would use the father's child support payments to pay for the child's dormitory supplies, clothes, cellular phone bill, health and car insurance and transportation expenses to and from college. We find no error in Family Court's determination that no credit should be applied to the father's basic child support obligation (see Matter of Haessly v Haessly, 203 AD2d 700, 702-703 [1994]).

Lahtinen, J.P., Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court