# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 29, 2015                    519407
_____

In the Matter of TREVOR
    ZAHURANEC,
                    Respondent,

        v

NICOLE E. ZAHURANEC,
                    Appellant.

(Proceeding No. 1.)

(And Two Other Related Proceedings.)
_____          MEMORANDUM AND ORDER

In the Matter of NICOLE E.
    ZAHURANEC,
                    Appellant,

        v

TREVOR ZAHURANEC,
                    Respondent.

(Proceeding No. 4.)

(And Another Related Proceeding.)
_____


Calendar Date:   September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

                    _____

    Pamela B. Bleiwas, Ithaca, for appellant.

    Margaret McCarthy, Ithaca, for respondent.

    Robin Abrahamson Masson, Ithaca, attorney for the child.

                    _____

Egan Jr., J.

Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered January 24, 2014, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Trevor Zahuranec (hereinafter the father) and Nicole E. Zahuranec (hereinafter the mother) are the divorced parents of a child born in 2005. By order dated April 18, 2012, the parties stipulated that they would share joint legal and physical custody of their daughter and established an alternating schedule for parenting time. Difficulties quickly developed and, in June 2012, the father commenced the first two of these proceedings — one seeking to enforce the terms of the April 2012 order and the other seeking modification thereof. An additional enforcement/violation petition was filed by the father in November 2012, in response to which the mother cross-petitioned for modification of the prior order and commenced an enforcement proceeding of her own. A fact-finding hearing and a Lincoln hearing ensued, at the conclusion of which Family Court, insofar as is relevant here, granted the father's application for modification of the prior custody order, awarded the father sole legal and physical custody of the child and established a visitation schedule for the mother. Family Court also dismissed the parties' respective enforcement/violation petitions. This appeal by the mother ensued.

The mother, as so limited by her brief, contends that Family Court's award of sole legal and physical custody to the father lacks a sound and substantial basis in the record. We disagree and, accordingly, affirm Family Court's order.

"A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child's best interests" (Matter of Dornburgh v Yearry, 124 AD3d 949, 950 [2015] [internal quotation marks, brackets and citations omitted]; accord Matter of Palmatier v Carman, 125 AD3d 1139, 1139 [2015]). The required change in

circumstances, in turn, may be found to exist where "the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child" (Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [2014], lv dismissed and denied 24 NY3d 937 [2014]; see Matter of Sonley v Sonley, 115 AD3d 1071, 1072 [2014]). Here, the mother readily acknowledged that she and the father "cannot seem to get along on certain issues" – as evidenced by, among other things, the parties' disparate views on the child's religious upbringing, her celebration of certain holidays and the need for her to be engaged in counseling – and candidly testified that she wished to have "minimal" contact with the father. In view of the apparent animosity between the parties and their demonstrated inability to work in a cooperative fashion for the sake of their daughter, Family Court properly concluded that the father had demonstrated the required change in circumstances, thereby triggering a best interests inquiry.

Having concluded that joint custody no longer was feasible, Family Court was left to fashion a custodial arrangement that would be in the child's best interests. Upon considering, among other things, "each parent's ability to furnish and maintain a suitable and stable home environment for the child, past performance, relative fitness, ability to guide and provide for the child's overall well-being and willingness to foster a positive relationship between the child and the other parent" (Matter of Bailey v Blair, 127 AD3d 1274, 1276 [2015] [internal quotation marks, brackets and citations omitted]), as well as the transcript of the Lincoln hearing (see Matter of Shokralla v Banks, 130 AD3d 1263, 1265 [2015]), we are satisfied that Family Court's decision to award sole legal and physical custody to the father and specified visitation to the mother has a sound and substantial basis in the record. The father, a self-employed general contractor, and his wife, a substitute school teacher, testified at length regarding their work schedules, home life, religious practices, involvement in the child's education and activities that they engage in as a family. Based upon this testimony, which Family Court recounted in great detail in its written decision, the court concluded that the father – with his flexible work schedule, established daily routine and "child-centered" approach to raising his daughter – could provide the

child with a more stable and consistent home environment.[1] Additionally, given the mother's demonstrated animosity toward the father, Family Court reasoned that the father would be the parent who was more likely to foster a positive relationship between the child and her noncustodial parent.  Granting due deference to Family Court's credibility determinations (see Matter of Gilbert v Gilbert, 128 AD3d 1286, 1287 [2015]), we discern no basis upon which to disturb the underlying award of custody.

        McCarthy, J.P., Rose and Clark, JJ., concur.


        ORDERED that the order is affirmed, without costs.




                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court

---

    [1]  Notably, rather than providing Family Court with specific information regarding her relationship with her daughter and the quality of the home environment that she could provide, the mother devoted the bulk of her testimony at the hearing to highlighting the father's perceived parental shortcomings.