*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 24, 2016                    519930
_____

In the Matter of STELLA
    McKENNA,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

DANIEL McKENNA,
                    Appellant.
_____

Calendar Date:  January 7, 2016

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Wayne P. Smith, Schenectady, for appellant.

_____


Peters, P.J.

        Appeal from an order of the Family Court of Schoharie
County (Bartlett III, J.), entered January 17, 2014, which, among
other things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 4, for an order of child
support.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of two children (born in
1997 and 1998).  When this matter was last before us, we vacated
an April 2008 stipulated order establishing the father's child
support obligation on the ground that it failed to comply with
the Child Support Standards Act (see Family Ct Act § 413) and
remitted the matter to Family Court for further proceedings (90
AD3d 1110 [2011]).  Following a hearing, a Support Magistrate
imputed approximately $18,000 in income to the father in addition
to his reported income of $22,553 for the 2011 tax year at issue,

established his monthly child support obligation and ordered him to pay $197 per month towards the children's health insurance. Upon review, Family Court denied the father's objections to the Support Magistrate's imputation of income, but reduced his monthly contribution towards the children's health insurance to $156. The father now appeals from that order, challenging both the imputation of income and his obligation to contribute towards his children's health insurance.

While this appeal was pending, the father filed a petition to modify the order at issue. The parties resolved the matter on consent, resulting in an August 2014 order that reduced the father's contribution towards the children's health insurance to $60 per month – thereby modifying the directive we are now asked to review – without any reservation of the father's rights with respect to the instant appeal. Thus, that portion of the appeal challenging the father's health insurance contribution has been rendered moot (see Matter of Schermerhorn v Quinette, 28 AD3d 822, 823 [2006]; Matter of Carnevale-Martin v Stone, 241 AD2d 779, 780 [1997]; Matter of Ballard v Parker, 232 AD2d 740, 741 [1996]; compare Matter of Claflin v Giamporcaro, 75 AD3d 778, 779 [2010], lv denied 15 NY3d 710 [2010]). The August 2014 order otherwise continued the child support obligation set forth in the order on appeal and included no language providing that it superceded all prior orders. Without knowing the specific relief sought in the father's petition and in the absence of the transcript of the proceeding before Family Court, we cannot conclude that the father relinquished his right to appeal from that portion of the prior order establishing his child support obligation (see Matter of Blagg v Downey, 132 AD3d 1078, 1079 [2015]; Hughes v Gallup-Hughes, 90 AD3d 1087, 1088 [2011]; Matter of Siler v Wright, 64 AD3d 926, 927-928 [2009]; Matter of Chittick v Farver, 279 AD2d 673, 675 [2001]). We therefore address the merits of that argument.

"Trial courts possess considerable discretion to impute income in fashioning a child support award and they are not constrained by the financial accounts given by the parties or their experts" (Moffre v Moffre, 29 AD3d 1149, 1150 [2006] [citations omitted]; see Matter of D'Andrea v Prevost, 128 AD3d 1166, 1167 [2015]; Sadaghiani v Ghayoori, 83 AD3d 1309, 1311-1312

[2011]).  Income may be imputed based upon "underreported business activity or payment of personal expenses from business accounts" (Matter of Rubley v Longworth, 35 AD3d 1129, 1130 [2006], lv denied 8 NY3d 811 [2007]; see Harrington v Harrington, 93 AD3d 1092, 1093 [2012]; Askew v Askew, 268 AD2d 635, 636 [2000]), as well as from other resources that may be available to the parent, including lodging, automobiles or other perquisites that are provided as part of employment compensation "to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirectly confer personal economic benefits" (Family Ct Act § 413 [1] [b] [5] [iv] [B]; see Matter of Perel v Gonzalez, 105 AD3d 552, 553-554 [2013], lv denied 21 NY3d 865 [2013]).

Here, the father is the sole owner of a small corporation and resides in a portion of the business property at no personal cost.  He does not pay rent for such personal living space and all of the occupancy costs, as well as his personal expenses — including utilities, cable, Internet, cell phone, groceries and vehicle insurance — are paid out of his corporate account.  Under such circumstances, Family Court acted well within its discretion in imputing $1,000 per month to the father for the benefit derived from the company-provided living expenses (see Matter of Covington v Boyle, 127 AD3d 1393, 1394-1395 [2015]; Matter of Perel v Gonzalez, 105 AD3d at 553-554).

The record also supports Family Court's decision to impute income to the father based upon increased depreciation.  By statute, certain self-employment tax deductions, including "any depreciation deduction greater than depreciation calculated on a straight-line basis for the purpose of determining business income," may be attributed to a parent's income (Family Ct Act § 413 [1] [b] [5] [vi] [A]).  The mother's accountant, who reviewed the relevant records and tax returns of the father's corporation, testified that accelerated depreciation was utilized for the corporation's equipment, calculated what the straight line depreciation would have been and concluded that the father had claimed $4,761 in excess of straight line depreciation for the 2011 tax year at issue (compare Matter of Grosso v Grosso, 90 AD3d 1672, 1674 [2011]).  While the father's accountant disputed this figure, this created a credibility issue for the Support

Magistrate to resolve and the record amply supports its decision to accept the opinion of the mother's accountant (see generally Esposito-Shea v Shea, 94 AD3d 1215, 1216-1217 [2012]; Gaglio v Molnar-Gaglio, 300 AD2d 934, 937 [2002]; Charland v Charland, 267 AD2d 698, 701 [1999]).

Garry, Rose and Lynch, JJ., concur.

ORDERED that the appeal from that part of the order establishing respondent's monthly contribution towards the cost of the children's health insurance is dismissed, as moot, without costs.

ORDERED that the remainder of the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court