■ In the Matter of CAMERON ZZ., Appellant, v ASHTON B., Respondent. (Proceeding No. 1.) In the Matter of ASHTON B., Respondent, v CAMERON ZZ., Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.) [48 NYS3d 809]—

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Rose, J. Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered April 20, 2015, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Cameron ZZ. (hereinafter the father) and Ashton B. (hereinafter the mother) are the unmarried parents of a son born in 2013. In August 2014, Family Court entered an order granting the parties joint legal custody, with primary physical custody to the mother and a schedule of weekly visitation to the father. The father then commenced the first of these proceedings seeking to enforce his visitation rights as set forth in the August 2014 order. Thereafter, the mother filed a succession of modification, enforcement and family offense petitions against the father. Following a fact-finding hearing, Family Court dismissed the enforcement and family offense petitions and, in an April 2015 order, awarded sole legal custody and physical placement of the child to the mother, with visitation to the father every other weekend. The father now appeals.

Initially, we agree with the mother and the attorney for the child that the issue of visitation has been rendered moot by an April 2016 order of Family Court which, by agreement of the parties, modified the father's visitation schedule and otherwise reimplemented the order on appeal (see Matter of Cole v Cole, 118 AD3d 1171, 1172 [2014]; compare Matter of Wagner v Wagner, 124 AD3d 1154, 1154 [2015]). We cannot agree, however, that the issue of custody has been rendered moot inasmuch as the subsequent order left the custody arrangement unchanged and there is no indication that the father, by agreeing to the reimplementation of the order on appeal, "relinquished h[is] right to pursue this custody appeal" (Matter of Siler v Wright, 64 AD3d 926, 927-928 [2009]).

Turning to the merits, we are unpersuaded by the father's contention that the mother failed to establish a change in circumstances warranting a review of the child's best interests. The mother's proof demonstrated that, after the entry of the prior order, the father threatened and harassed her, and he acknowledged at the fact-finding hearing that he and the mother have a "severe" lack of communication. In our view, the record establishes that "the parties' relationship has deteriorated to the point where they are incapable of working together in a cooperative fashion for the good of their child" and, thus, the requisite change in circumstances has occurred (*Matter of Colleen GG. v Richard HH.*, 135 AD3d 1005, 1007 [2016]; *see Matter of Kylene FF. v Thomas EE.*, 137 AD3d 1488, 1490 [2016]; *Matter of Zahuranec v Zahuranec*, 132 AD3d 1175, 1176 [2015]; *Matter of Demers v McLear*, 130 AD3d 1259, 1260-1261 [2015]).

Finally, the father raises no issue with respect to Family Court's best interests determination and, in any event, our review confirms that Family Court's decision to award the mother sole legal custody is supported by a sound and substantial basis in the record (*see Matter of Tara AA. v Matthew BB.*, 139 AD3d 1136, 1138 [2016]).

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur.
Ordered that the order is affirmed, without costs.