■ In the Matter of HOLLIS V. CHASE JR., Respondent, v ZAIDA E. CHASE, Appellant. [55 NYS3d 916]—Lynch, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered August 10, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2005). The mother has a history of substance abuse and, in March 2013, the parties entered into a stipulated order granting them joint legal custody of the child, where the father had primary physical custody and the mother was given supervised parenting time with the child for one hour per week, as well as any other parenting time mutually agreed to. The father commenced the present proceeding in August 2014, seeking to modify the prior order of custody by requesting sole custody of the child. After a fact-finding hearing, Family Court issued an order in August 2015 that awarded the father sole legal custody of the child and continued the mother's supervised parenting time arrangement, noting that the mother could reapply for unsupervised and/or expanded parenting time after one year of abstinence from drug use and mental health treatment compliance. The mother appeals.

During the pendency of this appeal, the mother filed a petition seeking modification of the appealed-from order. Family Court (Loyola, J.) issued an order, entered May 22, 2017 on the consent of the parties, which continued the award of sole legal custody to the father, but modified the custody arrangement to, among other things, allow the mother unsupervised parenting time with the child for two hours every alternate Saturday, as well as any other parenting time mutually agreed to. Notably, the court specified "that all prior [o]rders are hereby modified

and superseded." While the issue of custody remained unchanged between the August 2015 order and the May 2017 order and, despite our inability to determine whether the mother relinquished her right to pursue this appeal due to the absence of the transcript of the 2017 proceeding before Family Court (*see Matter of Cameron ZZ. v Ashton B.*, 148 AD3d 1234, 1234 [2017]; *Matter of McKenna v McKenna*, 137 AD3d 1464, 1465 [2016]), because Family Court's order, which was entered on the consent of the parties, noted that all prior orders were superseded by the May 2017 order, it follows that this appeal has been rendered moot and, since the exception to the mootness doctrine does not apply, the appeal must be dismissed (*see Matter of Daniels v Jones*, 144 AD3d 1420, 1420 [2016]; *Matter of Lamphere v Lamphere*, 143 AD3d 1204, 1205 [2016]; *Matter of Dalmida v Livermore*, 134 AD3d 1306, 1306-1307 [2015]; *compare Matter of Blagg v Downey*, 132 AD3d 1078, 1079 [2015]).

McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.