Matter of Isgro v Troiano (2018 NY Slip Op 03412)





Matter of Isgro v Troiano


2018 NY Slip Op 03412


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525588

[*1]In the Matter of CHRISTINE L. ISGRO, Appellant,
v
MICHAEL A. TROIANO, Respondent.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Bousquet Holstein, PLLC, Syracuse (Ryan S. Suser of counsel), for appellant.
Larkin, Ingrassia & Tepermayster, LLP, Newburgh (William J. Larkin III of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered December 1, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 2000 and have two children (born in 2004 and 2006). The parties were divorced in 2008 pursuant to a judgment that incorporated, but did not merge, the terms of a marital dissolution agreement. The agreement provided that the children would primarily reside with the mother at a residence in Orange County, that the father would share legal custody with the mother and have visitation, and that the
father would pay spousal maintenance and child support. The mother further agreed that she and the children would not move more than 50 miles from the marital residence without either the consent of the father or judicial approval. In 2009, the father consented to an order that, among other things, permitted the mother and the children to relocate to Otsego County. The parties also modified the marital dissolution agreement to provide that, once the residence in Orange County was sold, the father would cease paying spousal maintenance and reduce his child support payment to $1,200 a month.
The mother filed the present modification petition in 2016, asserting that an unanticipated reduction in the father's parenting time and growing child care expenses warranted an increase in his child support obligation. The Support Magistrate dismissed the petition [*2]following a hearing. Family Court denied the mother's ensuing objections, and she now appeals.
The father advises us that, while this appeal was pending, the mother filed another support modification petition and the parties stipulated to an order increasing the father's support obligation from November 2017 onward. We have obtained and take judicial notice of the 2017 consent order and underlying findings of fact (see Matter of Nathanael G. v Cezniea I., 151 AD3d 1226, 1226 n 1 [2017]). The 2017 order increased the father's support obligation and, the mother having failed to reserve any rights with regard to the instant appeal, that portion of the appeal relating to the amount of support going forward is moot (see Matter of McKenna v McKenna, 137 AD3d 1464, 1465 [2016]). Ordinarily, success on this appeal would also include an award of arrears to the mother for the period from the filing of the modification petition in 2016 to the effective date of the 2017 order (see Family Ct Act § 449 [2]; Matter of Carella v Collins, 272 AD2d 645, 646 [2000]). Inasmuch as the findings of fact underpinning the 2017 order reflect that the parties agreed to there being "no arrears owed," however, that is not an issue here. This appeal was therefore rendered moot in its entirety by the issuance of the 2017 order and must be dismissed (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; Matter of Carr v Carr, 19 AD3d 839, 842 [2005]; cf. Matter of McKenna v McKenna, 137 AD3d at 1465).
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.