Stein v Paes (2018 NY Slip Op 07208)





Stein v Paes


2018 NY Slip Op 07208


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

524103

[*1]RUSSELL LEWIS STEIN, Appellant,
v
GEORGIANA MARIE PAES, Respondent.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Timothy P. Burke, Liberty, for appellant.
Ricciani & Jose LLP, Monticello (E. Danielle Jose-Decker of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Meddaugh, J.), entered July 8, 2016 in Sullivan County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in February 1995 and have two children (born in 1995 and 2000). In 2004, the parties entered into a settlement agreement that was incorporated, but not merged, into their judgment of divorce. The settlement agreement provided that all expenses for the children would be shared equally by the parties. The judgment of divorce, however, set forth specific dollar amounts for child support, child care and educational expenses to be paid by the husband to the wife. Roughly nine years later, the husband petitioned to modify his child support obligation, and the wife filed a violation petition seeking child support arrears. Following a hearing, a Support Magistrate found the husband to be in non-willful violation of the child support provisions of the judgment of divorce and entered a money judgment for the arrears. The husband subsequently filed written objections to the order, which were dismissed.
In June 2015, the husband commenced this action seeking, insofar as is relevant here, to set aside, vacate or otherwise deem unenforceable the child support provisions of both the settlement agreement and the judgment of divorce. In her answer, the wife conceded that the child support provisions in the parties' settlement agreement were void, but maintained that those set forth in the judgment of divorce fully complied with the Child Support Standards Act and were valid and enforceable. Based upon the wife's concession, the husband was awarded summary judgment on those causes of action that sought to vacate the child support provisions of the settlement agreement. The wife then moved for, among other things, summary judgment dismissing the remaining cause of action in the complaint, which sought to invalidate the child support provisions in the judgment of divorce, and the husband moved to amend the complaint and for summary judgment on that amended pleading. Supreme Court granted the wife's motion for summary judgment, dismissed the complaint and denied the balance of the relief sought by the parties. The husband now appeals.
While this appeal was pending, the parties consented to an order that compromised and settled the child support arrears owed by the husband and set forth the parties' prospective obligations with respect to, among other things, child support and health care costs. Inasmuch as the consent order modifies both the arrearages and child support directives we are now asked to review — without any reservation of the husband's rights with respect to the instant appeal — that portion of the appeal challenging the award of summary judgment in favor of the wife has been rendered moot (see Matter of Isgro v Troiano, 161 AD3d 1360, 1361-1362 [2018]; Matter of McKenna v McKenna, 137 AD3d 1464, 1465 [2016]; Matter of Carnevale-Martin v Stone, 241 AD2d 779, 780 [1997]). The consent order likewise renders moot the husband's challenge to the denial of his motion for leave to amend the complaint, as the proposed amended causes of action similarly attack the now-superseded child support provisions set forth in the judgment of divorce. This appeal has therefore been rendered moot in its entirety and, as the exception to the mootness doctrine does not apply here, the appeal must be dismissed (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Isgro v Troiano, 161 AD3d at 1362).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.