Matter of Charles JJ. v Andrea JJ. (2019 NY Slip Op 05603)





Matter of Charles JJ. v Andrea JJ.


2019 NY Slip Op 05603


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

526424

[*1]In the Matter of CHARLES JJ., Appellant,
v
ANDREA JJ., Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of ANDREA JJ., Respondent,
v
CHARLES JJ., Appellant. (Proceeding No. 3.)

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Ciano J. Lama, Ithaca, for appellant.
Natanya DeWeese, Ithaca, for respondent.
Lucy Gold, Ithaca, attorney for the child.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered February 22, 2018, which, among other things, granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Charles JJ. (hereinafter the father) and Andrea JJ. (hereinafter the mother) are the married parents of a child (born in 2015). The parties stipulated to the issuance of an April 2017 order that granted them joint legal custody of the child and awarded the mother primary physical placement. The order also afforded the incarcerated father monthly visits and weekly telephone calls with the child, as well as periodic letter updates about the child. In June 2017, the father filed separate petitions to enforce the April 2017 order and to modify its terms. The mother answered and cross-petitioned for modification. Family Court conducted a fact-finding hearing on the petitions and thereafter determined that, among other things, the minimum number of visits between the child and the father should be reduced to two a year. The father appeals, [*2]raising procedural and substantive challenges to the reduction in his parenting time with the child.
During the pendency of this appeal, Family Court issued an order on consent awarding joint legal custody of the child to the mother and the paternal grandmother, with primary physical placement to the grandmother and parenting time to the mother. The mother and the grandmother were also directed to comply with a companion order that settled the father's modification petition and tweaked the visitation and communication with the child to which he was entitled. Inasmuch as the subsequent orders address the issues challenged here, we agree with the attorney for the child that the appeal is moot and must be dismissed (see Matter of Stephen K. v Sara J., 170 AD3d 1466, 1467 [2019]; Matter of Ramon U. v Nicia V., 162 AD3d 1252, 1252 [2018]; Matter of Cameron ZZ. v Ashton B., 148 AD3d 1234, 1234 [2017]).
Clark, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.