Matter of Darnell R. v Katie Q. (2021 NY Slip Op 03495)





Matter of Darnell R. v Katie Q.


2021 NY Slip Op 03495


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

529620
[*1]In the Matter of Darnell R., Individually and on Behalf of Keonte R. et al., Appellant,
v
Katie Q., Respondent. (Proceeding No. 1.)
In the Matter of Katie Q., Respondent,
v
Darnell R., Appellant. (Proceeding No. 2.)

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Cheryl L. Sovern, Malta, for appellant.
Susan J. Civic, Albany, for respondent.
Karen R. Crandall, Schenectady, attorney for the children.



Clark, J.
Appeal from an amended order of the Family Court of Saratoga County (Pelagalli, J.), entered July 10, 2019, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for custody of the parties' children.
Darnell R. (hereinafter the father) and Katie Q. (hereinafter the mother) are the parents of two children (born in 2013 and 2015). In April 2018, roughly two years after the mother and the father ceased cohabitating, the father commenced the first of these Family Ct Act article 6 proceedings, seeking joint legal custody of the children and to establish sibling visitation between the children and their half brother — the father's child from a prior relationship. Following the father's arrest on criminal charges stemming from his violation of an order of protection entered in favor of the mother, the mother commenced the second of these proceedings seeking sole legal and primary physical custody of the children. The matters proceeded to a fact-finding hearing, at which it was established that the father had been convicted of two counts of criminal contempt in the first degree and was awaiting transfer from county jail to state prison. Thereafter, by order entered in July 2019, Family Court granted the mother sole legal and primary physical custody of the children, ordered that the father could have contact with the children in writing and by telephone at the mother's residence and directed the mother to arrange sibling visitation between the children and their half brother at such times as could be "agreed upon" by the mother and the father's wife. The father appeals, arguing that the award of sole legal custody to the mother lacked a sound and substantial basis in the record, that Family Court improperly delegated its authority to set sibling visitation to the mother and that Family Court should have permitted his wife to facilitate phone contact between him and the children.
During the pendency of this appeal, the father was released from prison and, in December 2020, he filed a petition to modify the July 2019 order. That petition was resolved in a February 2021 order — entered upon consent of the parties — that, among other things, directed that the mother continue to have sole legal and primary physical custody of the children and that the father have parenting time with the children every other weekend, with such parenting time taking place at his wife's residence and his wife being "substantially present."[FN1] Considering these circumstances, as well as the evidence establishing that the father is the sole living parent of the children's half brother and that the half brother resides with the father's wife,[FN2] the portions of the father's appeal challenging the sibling visitation and phone contact provisions of the July 2019 order have been rendered moot (see Matter of Cameron ZZ. v Ashton B., 148 AD3d 1234, 1234 [2017]). However, upon review of the father's December 2020 petition[*2], the February 2021 order and the underlying transcript, we cannot conclude that the father relinquished his right to appeal from that portion of the July 2019 order granting the mother sole legal custody (see Matter of McKenna v McKenna, 137 AD3d 1464, 1465 [2016]; compare Matter of Chase v Chase, 152 AD3d 996, 996-997 [2017]). Thus, we will address the merits of that issue.
"In an initial custody proceeding, Family Court's paramount consideration is to determine the custodial arrangement that would promote the best interests of the child" (Matter of Damian R. v Lydia S., 182 AD3d 650, 651 [2020] [citations omitted]; see Matter of Colleen FF. v Robert FF., 177 AD3d 1212, 1213 [2019]). Given Family Court's superior ability to observe the witnesses and evaluate credibility, we defer to Family Court's factual findings and credibility determinations and will not disturb its determination if supported by a sound and substantial basis in the record (see Matter of Samantha GG. v George HH., 177 AD3d 1139, 1140 [2019]; Matter of Nicole TT. v David UU., 174 AD3d 1168, 1169 [2019]).
The hearing evidence established that, historically, the mother had been the children's primary caretaker and had made the majority of the parenting decisions. At the time of the fact-finding hearing, the father had been convicted of two counts of criminal contempt in the first degree for violating an order of protection in favor of the mother and was awaiting transfer from county jail to state prison. The evidence, including the father's own testimony, demonstrated that the father's incarceration would hinder his ability to effectively and efficiently communicate with the mother regarding parenting decisions and that it would be difficult for the mother to reach the father in cases of emergency (see Matter of Breitenstein v Stone, 112 AD3d 1157, 1158 [2013]). Furthermore, the evidence, including a stay-away order of protection entered against the father in favor of the mother, demonstrated that the parties' relationship had been acrimonious and plagued by domestic violence. Upon consideration of all of the foregoing, as well as the fact that the mother had primary physical custody of the children, we find that a sound and substantial basis exists in the record to support Family Court's determination that it was in the children's best interests to award the mother sole legal custody (see Matter of Jerry VV. v Jessica WW., 186 AD3d 1799, 1801 [2020]).[FN3] Accordingly, we discern no basis upon which to disturb the July 2019 order.
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the amended order is affirmed, without costs.



Footnotes

Footnote 1: We have obtained and take judicial notice of the February 2021 order, as well as the transcript of the appearance underlying that order.

Footnote 2: At the appearance underlying the February 2021 order, the father stated that he did not sleep at the wife's home due to the terms of his parole, but that he visited the wife's home daily.

Footnote 3: The attorneys for the children in both Family Court and on appeal support the award of sole legal custody to the mother.