Matter of Christopher N. v Karoline O. (2021 NY Slip Op 04172)





Matter of Christopher N. v Karoline O.


2021 NY Slip Op 04172


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

531215
[*1]In the Matter of Christopher N., Respondent,
v
Karoline O., Appellant. (And Six Other Related Proceedings.)

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Lisa K. Miller, McGraw, for appellant.
Kathryn Friedman, Buffalo, for respondent.
Donna C. Chin, New York City, attorney for the child.



Colangelo, J.
(1) Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered February 14, 2020, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) motion to dismiss the appeal.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2016). In 2018, the father, following an order of filiation, filed a petition for visitation with the child, and, in April 2019, was awarded, among other things, parenting time for three weekends per month. In June 2019, the order was amended to direct the mother to disclose the name of the child's doctor and to provide the father with additional parenting time during the July 4 holiday weekend. Thereafter, the father filed a modification petition based upon the mother's disclosure of travel plans with the child during his parenting time without agreeing to make up time. During the hearing on the father's petition, the father advised Family Court that he would be filing a custody petition based upon the mother's impending eviction. As a result, he was awarded temporary custody of the child with parenting time to the mother as agreed upon by the parties.
In the course of one month, the mother thereafter filed five enforcement petitions against the father. In November 2019, the father filed a modification petition, alleging, as a change in circumstances, the mother's refusal to co-parent with him or to follow court orders, the mother's evictions from her two past residences, the mother's water being shut off, the mother's failure to meet with the attorney for the child and the mother's decision to decline parenting time offered to her. Following a fact-finding hearing, Family Court, by order entered February 14, 2020, granted the father's petition finding that a change in circumstances had occurred and that it was in the child's best interests for him to have primary physical custody. The court also awarded parenting time to the mother and both parties were awarded joint legal custody of the child. The mother appeals.
During the pendency of the appeal, the father filed enforcement and violation petitions against the mother in Family Court, Ontario County (Reed, J.) where he and the child reside, which resulted in the issuance of three orders of custody and visitation between June 2020 and February 2021. An order entered June 25, 2020, issued upon the mother's default, awarded the father sole legal and primary physical custody of the child, with parenting time to the mother in a public place to be monitored by the father, and also specifically ordered that the mother have no overnight visitation with the child. An order entered October 19, 2020 continued the custodial terms of the June 25, 2020 order on a temporary basis and provided additional terms to be observed by the mother during her parenting time, pending an evidentiary hearing [*2]scheduled for February 26, 2021. On February 26, 2021, upon consent of the parties, who were each represented by counsel, the court continued the custodial terms of both prior orders by providing that the father shall continue to have sole legal and primary physical custody of the child. The court also provided for agency supervision of the mother's visitation and imposed additional conditions to be observed by the mother. The February 2021 order expressly provides "that this Consent Order of Custody and Visitation shall supersede all prior orders pertaining to the custody of, and visitation with, the minor child."
The father has moved to dismiss the mother's appeal as moot. "Inasmuch as the present appeal was taken from an earlier order that has since been superseded, it must be dismissed as moot" (Matter of Dalmida v Livermore, 134 AD3d 1306, 1306 [2015]; see Matter of Chase v Chase, 152 AD3d 996, 996-997 [2017]; Matter of Daniels v Jones, 144 AD3d 1420, 1420 [2016]; compare Matter of Darnell R. [Katie Q.], ___ AD3d ___, ___, 2021 NY Slip Op 03495, *1 [2021]). Contrary to the contentions of the mother and the attorney for the child, the exception to the mootness doctrine does not apply, as there is no longer an unresolved controversy with respect to physical custody of the child because the February 2021 order — which was issued subsequent to and clearly superseded the order appealed from — has awarded sole legal and primary physical custody to the father (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; Matter of Chase v Chase, 152 AD3d at 977). The father's motion is therefore granted.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the motion to dismiss the appeal is granted, without costs.