Matter of Anthony JJ. v Angelin JJ. (2022 NY Slip Op 07282)

Matter of Anthony JJ. v Angelin JJ.

2022 NY Slip Op 07282

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534468
[*1]In the Matter of Anthony JJ., Appellant,
v
Angelin JJ., Respondent.

Calendar Date:November 22, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Lisa K. Miller, McGraw, for appellant.
Michelle I. Rosien, Philmont, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the children.

Fisher, J.
Appeal from an order of the Family Court of Chemung County (Richard W. Rich Jr., J.), entered November 4, 2021, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2009 and 2011). Pursuant to a 2019 custody order, the mother was awarded sole legal and primary physical custody, and the father was granted "liberal visitation consisting of at least Thursday overnight until Friday and every other Thursday with overnights until Sunday at 4PM." The custody order further established visitation on holidays, birthdays and summer vacations, as well as permitting the father to pick up the children after school when the mother was working to avoid having the children placed in a paid after-school program.
In November 2020, the father commenced the instant modification proceeding on the grounds that there has been a change in circumstances since the entry of the prior order warranting joint custody or, in the alternative, for the father to have sole custody. Specifically, the father alleged, among other things, that, since the prior order, he has had the children every day and outside of his scheduled time because of the mother's lack of responsibility for the children's "bare minimum care." Following a fact-finding hearing and Lincoln hearing, Family Court dismissed the father's modification petition, finding that the father had failed to demonstrate a change in circumstances warranting a best interests analysis. The father appeals.
We affirm. "A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interests of the child[ren]" (Matter of Neil VV. v Joanne WW., 206 AD3d 1097, 1098 [3d Dept 2022] [internal quotation marks and citations omitted]). "The required change in circumstances, in turn, may be found to exist where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child[ren]" (Matter of Zahuranec v Zahuranec, 132 AD3d 1175, 1176 [3d Dept 2015] [internal quotation marks and citations omitted]; see Matter of Cameron ZZ. v Ashton B., 148 AD3d 1234, 1235 [3d Dept 2017]). "As Family Court was in a superior position to observe and assess witness testimony and demeanor during the fact-finding hearing, its credibility assessments and factual findings are accorded great deference, and its custodial determination will not be disturbed so long as it is supported by a sound and substantial basis in the record" (Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1414 [3d Dept 2021] [citations omitted]).
Without recounting the extensive testimony on this point, it is clear that the record [*2]as a whole reflects a level of hostility and mutual distrust between the parties that demonstrates that the parties are incapable of working together in a cooperative fashion for the good of their children (see Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007 [3d Dept 2016]).[FN1] However, as Family Court found, and our review of the record confirms, this hostility and failure to cooperate existed at the time of the prior order — serving as the basis, at least in part, for awarding the mother sole legal and primary physical custody of the children, and is therefore not a new development. Although the father has since made positive efforts to improve his conduct and well-being, based on the devolution of his conduct that transpired at the fact-finding hearing, we decline to disturb Family Court's finding that the father remains incapable of engaging in meaningful communication or cooperation for the sake of the children (see Matter of Cameron ZZ. v Ashton B., 148 AD3d at 1235; Matter of Zahuranec v Zahuranec, 132 AD3d at 1176-1177).
To the further extent that the father contends that he had the children every day due to the mother's alleged neglect for their basic and medical needs, this was not supported by the testimony or documentary evidence presented at the fact-finding hearing. Specifically, the mother testified that she takes the children to their doctor appointments and that they are current on their appointments and vaccinations. She also testified that she takes the children to the dentist every six months for regular checkups. The mother corroborated her testimony by submitting records from the children's dentist and pediatrician. No evidence to the contrary was introduced by the father, except for his unsubstantiated and self-serving claims. Furthermore, the father's argument that his change in residence constitutes a change in circumstances is unpreserved "absent a motion to conform the pleadings to the proof" before Family Court (Matter of Nelson UU. v Carmen VV., 202 AD3d 1414, 1416 [3d Dept 2022]; see CPLR 3025 [c]; Matter of Shannon X v Koni Y., 196 AD3d 763, 764 [3d Dept 2021], lv denied 37 NY3d 915 [2021]).
Therefore, deferring to the factual findings of Family Court, including that the prior order set forth the amount of time that the father shall have "at least" for visitation, we agree that the father failed to satisfy his burden of showing a change in circumstances (see Matter of Jeremy RR. v Olivia QQ., 206 AD3d 1195, 1196-1197 [3d Dept 2022]; Matter of Shannon X. v Koni Y., 196 AD3d at 764-765; cf. Matter of Richard L. v Kristen M., 174 AD3d 968, 969-970 [3d Dept 2019]).[FN2] Accordingly, Family Court properly dismissed the petition. We have examined the parties' remaining contentions, finding them to be without merit or academic.
Lynch, J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The parties' text message exchanges and the testimony adduced at the hearing are concerning. We echo Family Court in cautioning the parties to improve their conduct and communications between one another for the sake of the children.

Footnote 2: We observe that the appellate attorney for the children joins the mother, and further contends that, notwithstanding the threshold issue of a change in circumstances, the present custodial arrangement with the mother remains in the childrens' best interests.