Jaime KK. v Monica JJ. (2025 NY Slip Op 06565)

Jaime KK. v Monica JJ.

2025 NY Slip Op 06565

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-23-2280
[*1]Jaime KK., Respondent,
v
Monica JJ., Appellant.

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Alexandra J. Buckley, Albany, for appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Monique B. McBride of counsel), for respondent.
Jessica Hugabone Vinson, Delmar, attorney for the child.

Reynolds Fitzgerald, J.
Appeals from an order and a corrected order of the Supreme Court (Michael Cuevas, J.), entered November 27, 2023 and January 11, 2024 in Schenectady County, which, among other things, granted plaintiff's motion to modify a prior order of custody.
Plaintiff (hereinafter the father) and defendant (hereinafter the mother) are the divorced parents of one child (born in 2013). Pursuant to a 2018 divorce judgment, the parties had parenting time with the child in accordance with their separation and settlement agreement dated October 1, 2018, which provided, among other things, that the parties shall have joint legal and shared physical custody with the father having custodial periods from Saturday evening until Tuesday morning, extended to Wednesday morning when the child is not in school. The agreement further provided that the child would attend the Montessori school and made the mother solely responsible for the cost of said schooling; if the mother could not afford to keep the child enrolled, the child was to attend public school.
In March 2023, the father moved by order to show cause to modify custody, seeking physical custody and to immediately enroll the child in the local public school district where he resides, alleging that the mother failed to timely pay the child's schooling expenses, resulting in the child being disenrolled from school. The mother opposed the motion and, in April 2023, filed a modification petition in Schenectady County Family Court seeking custody of the child. In May 2023, the Family Court matter was transferred to Supreme Court. Following fact-finding and Lincoln hearings, Supreme Court found that the father had demonstrated a change in circumstances as the parties were unable to effectively coparent and that modification of the prior custody order was in the child's best interests. Thus, the court issued an order entered November 27, 2023, and a corrected order entered January 11, 2024, awarding the father primary physical and legal custody of the child, and granting the mother the right to timely information concerning the education, health, religious instruction and general welfare of the child, along with the right to obtain records regarding these matters. The mother's parenting time when the child is attending school is to be the first and third weekends of every month, plus every Wednesday evening for two hours; during the child's summer school recess, the parties are to equally share custodial time by alternating weeks with the child. The child was to continue to be enrolled in the Mater Christi school [FN1] until the end of the 2023-2024 school year; thereafter, the father was to determine, after consultation and meeting with the mother, where the child would be enrolled in school. The mother appeals.[FN2]
The mother contends that Supreme Court erred in finding that the father had established a change in circumstances since entry of the prior order. "A party seeking to modify a prior order of custody must show that there [*2]has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1201 [3d Dept 2025] [internal quotation marks and citations omitted]; accord Matter of Kelly AA. v Christopher AA., 240 AD3d 1011, 1013 [3d Dept 2025]). "A change in circumstances may be established by evidence that the relationship between the parents has deteriorated to the point where they simply cannot work together in a cooperative fashion for the good of their child" (Matter of Debra YY. v Michael XX., 234 AD3d 1021, 1022 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Anthony JJ. v Angelin JJ., 211 AD3d 1394, 1395 [3d Dept 2022]). As Supreme Court is in a superior position to evaluate witness credibility, "this Court will defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of Michael M. v Makiko M., 238 AD3d 1304, 1305 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Anthony JJ. v Angelin JJ., 211 AD3d at 1395). The record amply demonstrates that the parties' acrimonious relationship further deteriorated since the previous order and that they were unable to effectively communicate and cooperate to meet the child's ongoing educational, medical and general needs. In fact, both parties testified as to their inability to communicate effectively. Thus, the court's determination that a change in circumstances had occurred since entry of the prior order is supported by a sound and substantial basis in the record (see Matter of Kelly AA. v Christopher AA., 240 AD3d at 1013; Matter of Debra YY. v Michael XX., 234 AD3d at 1022).
Proceeding to the issue of whether a modification of the prior custody order will serve the best interests of the child, a determination of this issue "entails consideration of a host of factors, including the traditional concerns such as the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Aden HH. v Charish GG., 226 AD3d 1109, 1110-1111 [3d Dept 2024] [internal quotation marks and citation omitted]; see Matter of Marina C. v Dario D., 228 AD3d 1016, 1017 [3d Dept 2024], lv denied 42 NY3d 909 [2024]). In a lengthy and meticulous decision, Supreme Court undertook an extremely detailed factual and legal analysis of the evidence presented during the fact-finding hearing and determined that the father would provide more stability and structure to the child. The record reveals that since 2019 the father has lived at his current residence [*3]with his fiancÉe and the child's half sibling, and the child has her own bedroom there, along with a large yard, playground and pool. The father is retired and is able to provide structure for the child in the form of three meals eaten at a reasonable hour, a reasonable bedtime hour and the ability to oversee the child's hygiene and general welfare and to consistently arrive timely for the child's schooling, medical appointments and extracurricular activities.[FN3]
In contrast, the mother's carefree lifestyle and her parenting style — which she describes as "unconventional" — has resulted in her residence being under the threat of foreclosure, her unemployment, and the child being consistently tardy to school and arriving at school looking disheveled and wearing ill-fitting clothes while under the mother's care. Perhaps of most concern, the mother has enrolled the child in three different schools in four years, resulting in the child lagging academically when initially enrolled in the Mater Christi school. Additionally, the record supports Supreme Court's finding that the mother has an intolerance and disdain for the father's "structured" and "authoritarian" style of parenting, which has resulted in a pattern of uncooperative and dismissive behavior toward the father, including consistently bringing the child late to exchanges for the father's parenting time, canceling the child's medical appointments that were made by the father and not rescheduling them, failing to advise the father in advance of the child's medical appointments, failing to timely respond to the father's questions posed on the coparenting application — which the mother insisted on utilizing — and cutting off the father's Face Time conversations with the child. Deferring to the credibility determinations rendered by the court, we find that a sound and substantial basis supports the determination awarding the father physical and legal custody of the child (see Matter of Ashley UU. v Ned VV., 235 AD3d at 1202; Matter of Robert C. v Katlyn D., 230 AD3d 1392, 1395 [3d Dept 2024]).
As for the mother's argument that Supreme Court erred in drastically reducing her parenting time, we disagree. Supreme Court provided the mother with regular and meaningful access to the child including two weekends each month, with an extension of the time to Monday when the child does not have to attend school, a midweek dinner, parenting time during summer consisting of alternating weeks, plus the child's February school vacation and an equal rotation of the holidays. As several concerns in this matter were the mother's disregard for the child's hygiene and tardiness in bringing the child to school, the parenting schedule eliminates these concerns and, in our view, the court properly exercised its discretion in fashioning the schedule (see Matter of Michael M. v Makiko M., 238 AD3d at 1307; Matter of Henry CC. v Antoinette DD., 222 AD3d 1231, 1234 [3d Dept 2023]).
The mother's remaining arguments lack merit[*4]. Initially, she contends that the judge should have recused himself because his law clerk was previously employed as an attorney in the father's attorney's law firm. This claim is unpreserved for appellate review, as the mother failed to object or move for recusal during the hearing, and, if it were properly preserved, we would find her allegations to be unavailing (see Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1417-1418 [3d Dept 2021]; Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1080-1081 [3d Dept 2020], lv denied 35 NY3d 913 [2020]). Lastly, as for the mother's argument that she was not advised of her right to counsel, this is belied by the record, which evinces that she was advised of her right to counsel on her first court appearance, the court adjourned the proceedings to allow her to retain counsel and she was represented by counsel throughout the fact-finding hearing. Accordingly, the mother was not deprived of her fundamental right to counsel (see Heber v Heber, 237 AD3d 1276, 1279 [3d Dept 2025]; Matter of Evelyn EE. v Ayesha FF., 143 AD3d 1120, 1123-1124 [3d Dept 2016], lv denied 28 NY3d 913 [2017]).
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the appeal from the order entered November 27, 2023 is dismissed, without costs.
ORDERED that the corrected order entered January 11, 2024 is affirmed, without costs.

Footnotes

Footnote 1: This is the school the child was enrolled in at the time of the hearing.
Footnote 2: The November 2023 order was superseded by the corrected order entered in January 2024; as such, the mother's appeal from the November 2023 order must be dismissed (see Matter of Debra YY. v Michael XX., 234 AD3d 1021, 1022 n 2 [3d Dept 2025]; Matter of Leah VV. [Theresa WW.], 157 AD3d 1066, 1066 n [3d Dept 2018], lv dismissed 31 NY3d 1037 [2018]).

Footnote 3: There was testimony that the father was occasionally late in dropping the child off at school.